**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:06cv5**

|                                   |     |              |
| --------------------------------- | --- | ------------ |
| **MARTHA M. McHAN,**              | )   |              |
|                                   | )   |              |
| **Plaintiff,**                    | )   |              |
| **Vs.**                           | )   | **ORDER**    |
|                                   | )   |              |
| **UNITED STATES OF AMERICA; and** | )   |              |
| **CHARLES W. McHAN,**             | )   |              |
|                                   | )   |              |
| **Defendants.**                   | )   |              |
| _____   | )   |              |

**THIS MATTER** is before the court on plaintiff's Motion to Compel Production of Documents (#37). On December 6, 2007, counsel for the United States of America and Martha M. McHan appeared at a hearing. Defendant Charles W McHan was not present. At that hearing, the United States of America produced copies of the administrative files that were in its possession for *in camera* review. After conducting such review, the court inquired as to whether any documents were privileged, and the government asserted a work product privilege as to documents reflecting calculation of the "diff score," which plaintiff did not oppose. Finding that the documents, as kept in the ordinary course of business, are likely relevant to plaintiff's theory that the IRS may have filed, misfiled, or considered correspondence that could be deemed an informal claim for refund by either Mrs. or Mr. McHan. While the United States of America's arguments as to the timeliness of the motion are well taken, it would appear that production of such documents is necessary to complete resolution of this matter in light of the Amended Answer. The court will,

-1-

therefore, allow the Motion to Compel as to the documents produced at the hearing.

A secondary issue raised by plaintiff is that the United States of America has failed to look in all possible places for correspondence that could be deemed an informal claim for refund. Despite such argument, the United States of America has now argued and shown by way of affidavit that it has exhausted all reasonable avenues for discovery of any such correspondence. The court agrees. At this point, with the government indicating that such documents do not exist, plaintiff's remedy is found in either deposing or seeking an affidavit from Mr. McHan as to what recollection he may have as to correspondence he may have sent that could be deemed to be an informal claim for refund.

As to costs and fees, the court finds that such are not appropriate in this case inasmuch as the Motion to Compel was not promptly made, and was in fact made outside the time allowed for discovery and the filing of motions. The parties shall, therefore, bear there own costs and fees upon such motion.

Finally, the court informally raised the issue of mediation, which the court earlier waived in light of the government's dispositive motion. Based on the amount in controversy and the likelihood of appeal of any decision on such dispositive motion, the court believes that mediation may be useful _if_ expectations of a full refund are not brought to the table. In this case, it appears that some of plaintiff's claims for refund may well be time barred; thus, plaintiff must comprehend that the value of her claims are, necessarily, diminished. On the other hand, the claims are not without value inasmuch as the Memorandum and Recommendation issued by the

undersigned could well be rejected by the district judge in his discretion. While the court is cognizant that the United States of America does not usually consider settlement when it believes it has a well founded bar to the litigation, a position in which the undersigned concurs, the court believes that there is real value to the taxpayer as well as the court system to use best efforts to once and for all bring the civil litigation between the McHan family and the government to an end.

To that end, and with the express permission of the district judge to whom this case is assigned, the court will reinstate the requirement of mediation, direct that the parties designate a mediator within 10 days, and that they complete mediation by February 1, 2008.


# ORDER

**IT IS, THEREFORE, ORDERED** that the plaintiff's Motion to Compel Production of Documents (#37) is **ALLOWED** as provided in this Order, and the requirement of Mediation is **REINSTATED**, a mediator shall be designated within 10 days of receipt of this Order, and the deadline for completion of Mediation is **REOPENED** and **ENLARGED** up to and inclusive of February 1, 2008. The parties shall bear there own costs and fees upon the Motion to Compel.

Signed: January 8, 2008

Dennis L. Howell
United States Magistrate Judge